UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:13-CR-386

        Plaintiff

v.                                                          ORDER

Charlene McCormick,

        Defendant.

During a hearing held on October 10, 2014, I sentenced Charlene McCormick to a term of imprisonment and ordered her to pay restitution in the amount of $287,431.74. In part, I ordered her to "pay 25% of her gross income per month, through the Federal Bureau of Prisons[']Inmate Financial Responsibility Program ["IFRP"]." (Doc. No. 38 at 4). By letter received on March 20, 2015, the defendant asked me to defer her restitution payment until after she is released from her incarceration due to a lack of income. She asserts the Bureau of Prisons is requiring her to pay more than 100% of her monthly income into the IFRP.

The Sixth Circuit previously has noted "the complete absence of any constitutional, statutory[,] or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004). Thus, it does not appear that I may impose any limitations on the repayment schedule the Bureau of Prisons has set. Moreover, to the extent the defendant's request may be construed as a challenge to the execution of her sentence under 28 U.S.C. § 2241, a § 2241

challenge must be brought in the district where the sentence is being carried out. For these reasons, I conclude I lack subject matter jurisdiction to hear the defendant's claims.

    So Ordered.

                                                                  s/ Jeffrey J. Helmick
                                                                  United States District Judge